FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 JUL 18 PM 1:12
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LYNDELL BERNARD HAMPTON,

Petitioner,

vs.

CIVIL ACTION NO.: CV210-113

ANTHONY HAYNES, Warden,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Lyndell Bernard Hampton ("Hampton"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Hampton filed a Response. For the reasons which follow, Hampton's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

In 1998, Hampton was charged with a conspiracy to distribute and possess with the intent to distribute, and the distribution of, crack cocaine. United States v. Hampton, CR398-165 (M.D. Fla.) He was convicted of the charges at trial. Id. at Doc. No. 133. At sentencing, the court determined that Hampton was a career offender under the then-mandatory Sentencing Guidelines based on two qualifying "crimes of violence" –battery on a school board employee and aggravated assault. Id. at Doc. No. 163, p. 20. Hampton's total offense level under the Sentencing Guidelines was 37, and his criminal

history category was VI, resulting in a guideline range of 360 months to life imprisonment. Id. at 21-22. The district court sentenced Hampton to 360 months. Id. at 27. Hampton appealed unsuccessfully. Id. at Doc. Nos. 139, 179. He then filed a 28 U.S.C. § 2255 motion, which was denied. Id. at Doc Nos. 181, 183. In 2003, Hampton's sentence was reduced pursuant to Federal Rule of Criminal Procedure 35(b) to 264 months. Id. at Doc. No. 196.

In the instant action, Hampton alleges his prior conviction for battery should not count as a "crime of violence." He asserts he should no longer be sentenced as a career offender.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255(a); Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a § 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999).

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the requirements of § 2255(e)—the "savings clause." The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a

claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

"[T]he savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)." Gilbert v. United States, 640 F.3d 1293, 1312 (11th Cir. 2011). "A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement." Id. at 1320.

"[F]or claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at 1312. "[T]he savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." Id. at 1315.

Hampton "is attacking his sentence rather than his conviction, for the armed career criminal act is a sentence-enhancement statute" Id. at 1314 (quoting In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)). The savings clause does not apply to Hampton's claim, as the sentence imposed (264 months) was within the statutory maximum (life), and Hampton was not convicted of being guilty of the sentence enhancement.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Hampton's § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 18th day of July, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE