IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LYNDELL BERNARD HAMPTON,

    Petitioner,

vs.

                         CIVIL ACTION NO.: CV210-113

ANTHONY HAYNES, Warden,

    Respondent.

## ORDER

Petitioner Lyndell Hampton ("Hampton") filed an Objection to the Magistrate Judge's Report dated July 18, 2011, which recommended that Hampton's 28 U.S.C. § 2241 petition be dismissed. In his Objection, Hampton argues that his claim falls within the savings clause of § 2255(e), resulting in the availability of a remedy pursuant to § 2241. Hampton avers that his prior conviction for battery, which was used to enhance his offender status under the Sentencing Guidelines, is no longer considered a crime of violence. Hampton argues that this change in law should allow him to "now obtain a speedier release from prison." (Doc. No. 27, p. 2).

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation. As discussed in Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999), and in the Magistrate Judge's Report, a motion under § 2255 is inadequate or ineffective, thus triggering the availability of § 2241 relief, only when a three-part test is met. When a prisoner's claim "1) [ ] is based

upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion[,]" then the prisoner may pursue relief under § 2241. Wofford, 177 F.3d at 1244.

Hampton cites Johnson v. United States, 130 S. Ct. 1265 (2010), as a retroactively applicable Supreme Court decision determining that battery is not a crime of violence for purposes of sentence enhancement under the Sentencing Guidelines. (Doc. No. 1, p. 7). Even assuming that Hampton is correct in stating that Johnson is meant to be a retroactive decision, Hampton has not met the second prong of the Wofford test. The retroactively applicable Supreme Court decision must establish that Hampton was convicted for a nonexistent offense, in order to meet the second prong of the Wofford test. As stated in the Magistrate Judge's Report, the Eleventh Circuit Court of Appeals has held that, "[a] defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement." Gilbert v. United States, 640 F.3d 1293, 1320 (11th Cir. 2011). As a result, the Supreme Court's decision in Johnson cannot establish that Hampton was convicted for a nonexistent offense because sentence enhancement is not itself a conviction. Therefore, Hampton fails to meet the Wofford test, and his claim does not fall within the ambit of the § 2255(e) savings clause.

Hamptons' Objection to the Magistrate Judge's Report and Recommendation is without merit and is **overruled**. The Report and Recommendation of the Magistrate

AO 72A
(Rev. 8/82)

Judge is adopted as the Opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Hamptons' 28 U.S.C. § 2241 petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this ___ day of _____, 2011.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)